## SUPREME COUNCIL AMERICAN LEGION OF HONOR
### *v.* JORDAN.

1. A certificate issued by a benefit society provided that "in consideration of the full compliance with all the by-laws " of the society, then existing or thereafter adopted, the society "agrees to pay " certain named beneficiaries five thousand dollars, upon satisfactory proof of death while in good standing of the person insured. Subsequently to the date of the certificate a by-law was adopted providing that two thousand dollars should be the highest amount paid on any benefit certificate theretofore or thereafter issued. *Held*: (1) That the agreement to pay five thousand dollars was a contract which could not be changed by a by-law so as to reduce the amount agreed to be paid. (2) That the passage of such a by-law and an attempt to enforce the same by tendering to the insured a certificate for two thousand dollars amounted to a repudiation of the contract, and gave the holder of the certificate the right, at his option, to bring an action against the society for the recovery of the amounts paid as premiums, with interest thereon from the time each was paid.

2. A by-law of a benefit society provided : "No action at law or in equity in any court shall be brought or maintained on any cause or claim arising out of any membership or benefit certificate, unless such action is brought within one year from the time when such action accrues. Such right of action shall accrue 90 days after all proofs called for, in case of death of a member, shall have been furnished." *Held*, that this by-law had no application to a suit brought by a certificate-holder to recover back premiums paid, based on a repudiation by the society of the contract contained in the certificate.

Argued April 30,—Decided June 27, 1903.

Complaint. Before Judge Nottingham. City court of Macon. October 4, 1902.

*Roland Ellis*, for plaintiff in error.
*R. C. Jordan* and *Hall & Wimberly*, contra.

FISH, J.   This was an action brought by Jordan against the Supreme Council of the American Legion of Honor, to recover back premiums paid by him on a benefit certificate, the suit being based upon an alleged repudiation by the defendant of the contract evidenced by the certificate.   The case was submitted to the judge upon an agreed statement of facts, who rendered a judgment in favor of the plaintiff, and this judgment is assigned as erroneous. The benefit certificate issued to Jordan contained the following stipulation :   " In consideration of the full compliance with all the by-laws of the Supreme Council A. L. of H., now existing or hereafter adopted, and the conditions herein contained, the Supreme Council A. L. of H. hereby agrees to pay" certain named beneficiaries "five thousand dollars, upon satisfactory proof of the death, while in good standing upon the books of the Supreme Council, of the Companion herein named, and a full receipt and surrender of this certificate."   Subsequently to the issuance of this certificate, and while Jordan was in good standing, the society enacted a by-law providing that two thousand dollars should be the highest amount paid on any benefit certificate theretofore or thereafter issued.   It is admitted that Jordan has complied with all the conditions mentioned in the certificate in regard to the payment of assessments and otherwise, and the right to change the certificate in the manner above indicated is based solely on the provision in the certificate making compliance with by-laws subsequently enacted a condition precedent to the right to demand payment of the amount stated in the certificate.

There is, in the portion of the certificate quoted, an absolute promise by the society to pay five thousand dollars, no more, no less, upon satisfactory proof of the death of Jordan, on one condition only, and that is, a full compliance by him with all the provisions of the by-laws then existing or thereafter enacted.   The promise, so far as the amount is concerned, is unconditional.   There is nothing in the stipulation which indicates that the amount to be paid is dependent upon anything in a by-law.   The amount is fixed, and whether it shall be paid depends only upon compliance with the by-laws and the conditions mentioned in the certificate.   Giving the provision a reasonable interpretation and construing it with all

of its intendments in favor of the certificate-holder, there can be no escape from the conclusion that it was not intended by this provision to authorize the society to reduce the amount agreed to be paid, but it was intended simply that payment of the amount agreed on was to be dependent upon compliance with the by-laws and the performance of the conditions named in the certificate. The society had the right to make reasonable by-laws. Under a certificate of this character the holder occupies toward the society a dual relation. He is a member of the corporation and as such bound by all reasonable by-laws enacted by the corporation, whether they come into existence before or after the issuance of his certificate. He also occupies the position of a person holding a contract with the society, and as such he stands upon the same footing as any other person making a contract with it. Both are bound by the terms of the contract. See Knights Templars Company *v.* Jarman, 104 Fed. 638, 644. As a member he must comply with all reasonable by-laws, whether his contract so provides or not. As a contracting party, he must comply with all the provisions of his contract, and the contract may stipulate that he shall be bound by by-laws; and if so, compliance with the by-laws becomes a duty under the contract. If, however, the contract provides for an obligation which is not in terms dependent upon by-laws, his rights as a contracting party are to be no more affected by the by-laws than if he were not a member of the corporation.

The certificate under consideration in the present case is a contract for the payment of five thousand dollars, and the society can not, after the date of issuance of this certificate, change it in this particular, either by a by-law or otherwise. The right of the society to legislate is confined to matters regulating the conduct of its business, and does not embrace the power to alter a positive agreement in the contract to pay a fixed sum of money upon condition that the certificate-holder complies with the by-laws. See Gaut *v.* Supreme Council (Tenn.), 64 S. W. 1070, where a stipulation identical with the one now under consideration was held not to authorize a change as to amount. The Supreme Court of Pennsylvania, in referring to an effort made by a benefit society to reduce by a by-law the amount of a certificate theretofore issued, used the following forceful language: "This was certainly an easy mode of relieving the society from an obligation; and if successful, will

.doubtless be followed by other similar associations. The difficulty in the way of this convenient mode of paying debts is that it is repudiation pure and simple. The argument that the plaintiff, being a member of the society, is bound by the by-law, does not meet the difficulty. It may be a good by-law as to future cases, but at the time it was passed the plaintiff was something more than a member. He was a creditor whose rights had previously attached, and those rights can not be swept away by such a scheme as this by-law." Becker v. Beneficial Society, 144 Pa. St. 232. If the certificate had in terms or by necessary implication provided that the amount to be paid at its maturity was subject to change by a by-law, a different question would have arisen; but there is nothing in this certificate that can be properly construed as reserving the right under any circumstances to change the amount to be paid, provided the certificate-holder complies with the conditions named in the certificate and with the requirements of the by-laws. It certainly can not be held that a mere agreement to be bound by by-laws enacted after the issuance of the certificate conferred upon the society the right to repudiate, either wholly or in part, the obligation contained in the contract evidenced by the certificate. Somewhat similar questions have been dealt with by other courts and by text-writers, and they seem not to be in entire harmony on the subject. There is no case taking a contrary view which can not be distinguished from the one now under consideration. The following authorities will be found to bear upon the subject: St. Patrick's Society v. McVey, 92 Pa. St. 510; Stohr v. Musical Society, 82 Cal. 557; Supreme Commandery v. Ainsworth, 7 Ala. 436; Kehlenbeck v. Logeman, 10 Daly, 447; Fugure v. Society of St. Joseph, 46 Vt. 362; Fullenwider v. Supreme Council, 180 Ill. 621; Daughtry v. Knights of Pythias, 48 La. Ann. 1203; Supreme Lodge v. Knight, 117 Ind. 489; 53 Central Law Jour. 391; 1 Joyce, Ins. § 189; Kerr, Ins. § 61 et seq.; Niblack, Acc. Ins. & Ben. Soc. § 24; 5 Am.& Eng. Enc. L. (2d ed.) 96.

It appears from the record that at the time the by-law was enacted by the Supreme Council the subordinate lodge of which Jordan was a member was represented by a delegate, but it does not appear that Jordan himself was a delegate to the Supreme Council, nor does it appear that his lodge at any time when he was present expressly authorized or ratified the change in the by-law making it applicable

to existing certificates.   There is therefore no question of estoppel.. ·
The record discloses that as soon as Jordan was notified of the at-
tempted change in his contract he promptly refused to be bound
thereby, and that he has done nothing to show an acquiescence
therein.   The enactment of the by-law and the attempt to enforce it
against holders of certificates theretofore issued which provided for
the payment of a sum exceeding two thousand dollars amounted to
a repudiation of the contract and gave to the holder of such a cer-
tificate the right to either tender the amount of assessments as they
became due, and await the maturity of the certificate and then try
the question as to the right of the society to make the change, or to
apply to a court of equity to have the certificate continued in force,
or to treat the action of the society as a rescission of the contract
and bring suit to recover the amounts which had been paid in as
assessments during the continuance of the certificate, with interest
on each from the time it was paid.   2 Bacon's Ben. Soc. (2d ed.)
§ 376; Niblack, Acc. Ins. & Ben. Soc. § 280; *Alabama Life Ins.
Co.* v. *Garmany,* 74 *Ga.* 51.

2.   There was a by-law of the society which provided :   " No ac-
tion at law or in equity in any court shall be brought or maintained
on any cause or claim arising out of any membership or benefit
certificate, unless such action is brought within one year from the
time when such action accrues.   Such right of action shall accrue
90 days after all proofs called for, in case of death of a member,
shall have been furnished."   The present suit was not brought
within one year after the enactment of the by-law attempting to
reduce the amount to be paid under the certificate and the effort
to enforce the same, and it is contended that the action is
barred for this reason.   When the by-law is construed as a whole,
it seems to be limited to suits for death claims.   It provides
that " such right of action," that is the right of action which the by-
law referred to, " shall accrue " 90 days after proofs of death have
been furnished.   But if this be not a proper construction of the by-
law, we are clear that this is not a suit " arising out of " a benefit
certificate.   It is not a suit on the contract or to enforce the con-
tract, but a suit founded on a repudiation of the contract, the theory
of the action being that the contract has been rescinded, and that
for this reason the plaintiff has the right to recover the amount of
assessments paid in by him, with interest, as money had and re-

ceived to his use. If there has been a repudiation of the contract, the rights of the plaintiff in a suit founded on such repudiation are not to be measured by any stipulation in the contract. Certainly the society can not stand on one provision of the contract and get the benefit of that, and at the same time repudiate the main obliga-tion of the contract. The present suit therefore is to be determined by the general law in relation to suits for money had and received, and under such law the suit·was within time. We see no reason for reversing the judgment.

*Judgment affirmed. All the Justices concur.*