TIMMERMAN *v.* STANLEY.

1. If one agreed to teach another in certain lines of instruction until the pupil was proficient in them, and, after beginning the course and receiving payment in full, abandoned the contract and refused to teach the student longer, the latter would have the right to treat the action of the teacher as a rescission and bring suit for the amount which had been paid by him.

2. If one of two contracting parties claims that the other has committed a breach of the contract, he can not in the same action both treat the contract as rescinded and sue for the amount paid by him to the other party, and at the same time rely on the contract as existing.

3. The allegations of the declaration in this case make it a suit for the amount paid to the defendant by the plaintiff, treating the contract as rescinded. In addition the plaintiff sought to recover certain damages resulting from a breach of the contract, treating it as of force. The latter claim should have been stricken on demurrer as inconsistent with the former.

4. The demurrer was not general for misjoinder of causes of action, so as to put the defendant upon his election, but was for inconsistency in joining certain claims with another, which had first been made and which it was claimed determined the character of the action.

5. As a general rule, where one party asserts the right to rescind a contract for non-performance by the other of his covenant, the party seeking rescission must restore or tender back to the other party what has been received from him, so as to restore the parties to the condition in which they were before the contract was made. But this rule has no application to a case where one agrees to teach another a certain thing, and, after beginning the course of instruction, refuses to proceed further, whereupon the other party treats the contract as rescinded and brings suit to recover the amount which he has paid under the agreement.

6. Under the principles above announced, there was no error in striking from the declaration certain claims for expenses in attending school, expenses pending suit, and delay in being prepared for business; but the entire case should not have been dismissed.

7. It does not appear that there was any contract in writing; and a demurrer on the ground that a copy of it was not attached as an exhibit was not well founded.

Argued June 29, — Decided August 5, 1905.

Action for breach of contract.    Before Judge Hodges.    City court of Macon.    December 14, 1904.

Timmerman brought suit against Stanley, alleging as follows: On July 29, 1903, the plaintiff bought of the defendant a scholarship in Stanley's business college, in the city of Macon, in the telegraphic department, which embraced a course in learning telegraphy in said college. On August 12, 1903, he bought of the defendant a scholarship in the shorthand department in said college, which embraced a course in learning stenography, typewriting, etc. "The said scholarships were delivered to petitioner under the contract that a full course might be taken by him until he was proficient in said lines selected, without a limit of time." Stanley is the proprietor of the college, and the scholarships were sold by him to the plaintiff for the sum of $64. On August 2, 1904, the plaintiff was expelled by the defendant from the college for no fault or cause on his part. He had violated no rules of the college, nor had he been guilty of any conduct to authorize the expulsion. He had not completed the courses prescribed by the

scholarships, and at the time of his expulsion was still pursuing his studies at the college. "Petitioner shows that said Stanley refuses to pay back to your petitioner the $64.00 paid for said scholarships, and to which your petitioner is entitled on account of said Stanley failing to carry out said agreement in said scholarships; and petitioner prays for a judgment against said Stanley for said sum." By the breach of the contract defendant has damaged plaintiff in the sum of $500. Plaintiff has paid out $300 for board and expenses in attending the school in order to qualify himself for business. By reason of the expulsion he can not now finish his courses so as to enter business, as other business colleges will not receive him after being expelled from this one. He is now at a monthly expense of $15, and will be so up to the time of the hearing of this action. "He prays for a judgment for said sum against the said Stanley." By reason of the breach of the contract defendant has delayed plaintiff in finishing his course so as to enter business for the current year, to his injury in the sum of $500. The defendant demurred to the declaration generally, and also specially. The demurrer to that part of the declaration which seeks to recover the price paid for the scholarships was based on the ground that such price was not the legal measure of damages to which the plaintiff was entitled, if entitled to anything under the declaration. The allegation as to the expenditure of $300 for board and expenses was demurred to on the ground that such items were not elements of damage for an expulsion from the college, and "because, the plaintiff having elected to disaffirm and rescind said contract by suing for recovery of the price paid for said certificate, can not bring an action for a breach of said contract arising under said certificate;" because an action for said expenses was an action inconsistent with a suit for the recovery of the purchase-price of said scholarship and can not be joined in the same declaration. The allegation that the plaintiff could not enter any other business college was demurred to, because it did not constitute an element of damage, for the same reasons. The allegation as to the monthly expense of $15 was demurred to for the same reasons, and also because expenses incurred by the plaintiff subsequently to the alleged breach of contract can not be an element of damage therein. The allegation of damage by reason of delay in plaintiff's finishing his course

was demurred to, because the alleged damages were too remote and consequential, and not capable of exact computation; because they are not the legal and natural results of the alleged act; and because they are inconsistent with the damages laid in the paragraph seeking to recover the purchase-price of the scholarships, and can not be joined in the same action. The declaration was also demurred to because no copy of the contract was set out as an exhibit. The demurrer was sustained, and the plaintiff excepted.

*M. G. Bayne*, for plaintiff.    *Davis & Miller*, for defendant.

LUMPKIN, J. (After stating the facts.)  1–5. Assuming the allegations of the declaration to be true, as we must do in considering the demurrer, each of the contracts evidenced by the two scholarships was entire, and when the defendant repudiated them the plaintiff had the right to treat his action as a rescission and bring suit for the amount which had been paid by him. *Supreme Council* v. *Jordan*, 117 *Ga.* 808.  Or he might sue for a breach of the contract.  *Ala. Gold Life Ins. Co.* v. *Garmany*, 74 *Ga.* 51.  In the latter event that decision holds that in some cases the amount paid by the plaintiff may be considered in fixing the amount of the damages.  In 8 Am. & Eng. Enc. L. (2d ed.) 632 it is said:  " As has been said more than once, the fundamental principle of damages is compensation to the injured party.  This rule in the present connection is simply the application of the principle stated to contracts — that is, the measure of damages in such cases is the value of the bargain to the complaining party, or a loss which the fulfilment of the contract would have prevented or the breach of it has entailed.  Or, as it has been said, the general intent of the law which gives damages in actions for breach of contract is to put the injured party, so far as it can be done by money, in the same position as if the contract had been performed.  According to this principle the measure of damages for breach of a contract is not, as a general rule, the consideration paid, but rather the value of the thing contracted for; unless, indeed, the plaintiff has, under the circumstances, a right to disaffirm the contract, and sue to recover the consideration paid."  The plaintiff can not in the same action both treat the contract as rescinded and rely on it.  *Harden* v. *Lang*, 110 *Ga.* 392.

It is not quite easy to determine whether this action is one for breach of the contract, or one for the recovery of the purchase-price of the scholarships, based on the idea of a rescission, coupled with an effort to sue for the breach of the contract in the same action. It has been held that suit to recover the purchase-price is equivalent to an express disaffirmance, and that after such a disaffirmance there can not be a proceeding to enforce the contract, either by an equitable proceeding to compel specific performance, or by an action for damages. 24 Am. & Eng. Enc. L. (2d ed.) 645, and note 5. The plaintiff alleged that the defendant refused to pay back to him the $64 paid for the scholarships, to which the plaintiff is entitled; and he prays for a judgment of that specific sum, not as damages, or as a part of his damages, or as throwing light on the amount of damages, but as a return of the purchase-money. Taking the pleadings most strongly against the pleader, the statement that the defendant refuses to pay back the amount to him implied that a demand had been made. We are of the opinion, therefore, that this part of the declaration treats the contract as at an end, and seeks to recover the amount paid by the plaintiff to the defendant under it. Such being the case, the particular portion of the declaration which sues for the recovery of such amount is not subject to demurrer on the ground urged against it. It is contended in the brief of counsel for the defendant in error, that there can be no recovery of the amount paid, because in order to rescind the contract the plaintiff must restore the status, and must tender back to the defendant what he has received from him, and that this can not be done in the present case. Civil Code, § 3712. This is a general rule where one party to the contract has received goods, money, or other thing of value, which is capable of being returned to the other party. But in a contract like that involved in the present case, where a person agrees to teach another a certain thing, or to qualify him for a certain position, if he gives the student some instruction and then refuses to complete his contract, there would be no possible way by which such instruction as he had given could be returned or tendered back to him; nor is the other party required to estimate value for what has been done and tender such amount. He can not hold on to the amount paid, refuse to proceed with the contract, and defend against an action to recover

the price paid, on the ground that the plaintiff had not tendered back to him his instruction, and could not restore him to the status quo. He can not by his own conduct place himself in a situation where restoration is impossible, repudiate the contract, and set up this situation as a defense to a suit for the amount paid. If he abandons the contract, he should not complain that the other party is willing to treat it as rescinded. The code section cited has no application in such a case. *Henderson Warehouse Co.* v. *Brand*, 105 *Ga.* 217, 224. The cases of *Ala. Gold Life Ins. Co.* v. *Garmany*, and *Supreme Council* v. *Jordan*, supra, are also in point as to this contention.

It was argued that there was a misjoinder of causes of action; but the demurrer does not make this objection to the entire declaration. It attacks the effort to recover the money paid by the plaintiff to the defendant, on the ground already considered. It then attacks other parts of the declaration, on the ground that, the action being one based on a rescission of the contract, the items of damage claimed could not be properly joined with the suit for the money paid. This contention, if sustained, would result in striking those particular items, but not in dismissing the entire action for a misjoinder of causes of action. It is not the same thing to say that a declaration contains two inconsistent causes of action, and to put the plaintiff on his election to dismiss one 'of them or have the entire suit dismissed, and to say that the action is of a particular character, and that certain other claims can not be added to it.

6. From what has been said it is evident that the claim for expenses in attending school, expenses pending the suit, and delay in being prepared for business can not be joined with the action for the return of the purchase-price, based upon a rescission of the contract. Moreover, the allegations of the declaration with respect to those items are quite vague and general, and a part of the damages would not be recoverable even in an action based on a breach of the contract. The dismissal of the entire case was erroneous. The claim to recover the items of damage just referred to should have been stricken, and the case left to stand on the suit for the return of the price paid for the scholarships.

7. It does not affirmatively appear that there was a written

contract, and the ground of the demurrer that no copy of it was attached as an exhibit is not well founded.

*Judgment reversed, with directions.     All the Justices concur, except Simmons, C. J., absent.*