## 1135. SOUTHLAND KNITTING MILLS v. TENNILLE YARN MILLS.

1. While a defendant has the privilege of filing contradictory pleas, yet his defenses may be so related to one another that a finding in favor of one of them will estop him from further asserting the others.
2. Where the verdict, though general in terms, appears with reasonable certainty, when construed in the light of the whole record, to be a finding in favor of a plea which is of such nature that a finding in favor of it precludes inquiry into the other defenses asserted, alleged errors in rulings upon testimony offered in support of the other pleas are immaterial; especially as against the complaint of the defendant.

Complaint, from city court of Macon—Judge Hodges. March 21, 1908.

Argued June 12,—Decided September 28, 1908.

The plaintiff sued for the purchase-price of yarns sold by it to the defendant; the defendant pleaded, (1) that the yarns were bought under an express warranty, and that the warranty had failed, because of certain defects, and prayed a recoupment of the resultant damages; (2) that the weights of the goods delivered were short, and asked a reduction from the face of plaintiff's account therefor; (3) that subsequently to the arising of the differences set up in the foregoing two pleas, and while they were pending unsettled, the parties agreed upon a compromise, whereby the plaintiff contracted to deliver to the defendant, in consideration of the settlement of all differences, in addition to the 10,054 pounds of yarn then remaining undelivered under the contract, 9,820 pounds more, at the contract price, which was 3.31 cents less than the market price of yarns at that time; that the plaintiff had breached this contract by delivering only 10.487 pounds of the 19,487 pounds of yarn thus contracted to be delivered, and that of this the defendant had to return to the plaintiff 1,553 pounds, because it was too defective to be used; and therefore, for the failure of the plaintiff to deliver the balance, amounting to 10,940 pounds, the defendant was damaged in the sum of $362.11,

48

being the difference between the contract price and the market price; and a set-off as to this sum is prayed. The court, in charging the jury, took up these pleas in inverse order, and, as to the third,—the one in which the contract of settlement is pleaded,—instructed the jury that if they found in favor of the defendant on this plea, they should deduct from the plaintiff's recovery whatever sum the proof showed the defendant was damaged by the plaintiff's failure to deliver the yarns in accordance with the contract of settlement; and that if they found for the defendant on this issue, they should not take into consideration the other pleas which the defendant had filed. The jury was also instructed as to how they should determine the issues raised by the other pleas, in the event they found against the defendant on the plea of settlement. The jury returned a verdict in favor of the plaintiff, but made a deduction of $332.78 from the amount of the account. The defendant filed a motion for a new trial, in which, besides these general grounds, it complained of certain rulings excluding testimony as to the plea numbered 1 above; also of the charge of the court wherein the jury were instructed that if they found in favor of the defendant on the plea of settlement, they should not consider the other pleas.

*Erwin & Callaway,* for plaintiff in error.

*Hardeman, Jones & Johnston,* contra.

POWELL, J. (After stating the facts as above.)

While, by the Civil Code, § 5065, the defendant may file contradictory pleas, yet even contradictory pleas may be so related to one another that a finding in favor of one of them will make a consideration of the others unnecessary, and will render alleged errors affecting only the other pleas immaterial. Compare *Realty Co.* v. *Ellis,* ante, 402 (61 S. E. 833 (5)). If the parties have settled their differences by a new contract, the defendant who has pleaded that settlement and has taken a set-off of damages as a benefit is certainly precluded by every consideration of law and of equity from asserting any claim to a further diminution of the plaintiff's recovery because of the alleged damages which constituted the very consideration of the contract of settlement. *Timmerman* v. *Stanley,* 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S) 379) ; *Parker* v. *Riley,* 21 *Ga.* 427 (2). There was no error in charging the jury that if this plea was determined in the defend-

ant's favor, they should not consider the other pleas.   If the deduc-
tion made by the verdict from the amount of the plaintiff's ac-
count was based upon the plea of settlement, and not upon the
other pleas, it follows that the alleged errors in the rejection of
testimony offered in support of the other pleas are immaterial
and harmless; but the verdict being general in terms, it does not
expressly appear upon what plea it is founded.   We think, how-
ever, it can be asserted with reasonable certainty, in the light of
the pleadings and the evidence, that it is a finding in favor of the
plea of settlement.   The amount deducted by it is $332.78.   It
is not a finding under the first plea, for the court excluded the
testimony offered in support of that defense.   It does not appear
to be based on the second plea, for only two witnesses testified
as to this; according to one of them the shortage amounted to
enough to have required a deduction of more than $600, and ac-
cording to the other there was no shortage at all.   The sum al-
lowed does not exactly correspond with the sum claimed in the
third plea, nor with the proof submitted under it.   Looking
through the record for an explanation, we find that by multiplying
10,054 by 3.31 cents, the sum deducted by the jury, $332.78, re-
sults.   Now in the plea of settlement the words "10,054 pounds"
appear, and in the context are immediately preceded by the words
"amount of yarn undelivered at that time;" and in the same plea
the damage per pound for failure to deliver the yarn under the
settlement is alleged at 3.31 cents.   A fuller study of the context
shows that the time referred to was the date of making the al-
leged contract of settlement and not the later date when the de-
livery should have been completed thereunder.   It is plain that
the jury intended to give damages upon this plea, but that they
erroneously used the wrong multiplicand in making their calcula-
tion.   Making the calculation for ourselves, we find that under
the testimony of the defendant's secretary and treasurer, who was
its witness on this point, the undelivered balance of the 19,874
pounds of yarn was slightly less than 10,000 pounds, and that
the verdict is therefore a few dollars more favorable to the de-
fendant than the proof warranted.   The error being in favor of
the complaining party, the judgment will not be reversed.

*Judgment affirmed.*