ORDER OF RAILWAY CONDUCTORS OF AMERICA *v.* CLARK.

GILBERT, J. The Court of Appeals certified the following questions to the Supreme Court: "1. Where one who has been a member of a nonresident incorporated beneficial order having an office and agent in this State seeks the recovery of money paid by him in obtaining and continuing in force a certificate in the nature of a contract of life insurance, on account of the alleged repudiation of such contract; and where the order, at the time of the issuance of the certificate and subsequently, had and has a mutual benefit department, or insurance feature, through and by which it insures the lives of only the members of the order, no person not such a member in good standing being able to obtain, carry, have, or receive benefits of the insurance feature of the order; and where at the time he became a member of the order he obtained a 'certificate of membership' in the mutual benefit department of the order, under which, on his compliance with stated conditions, a specified sum would be paid to his wife upon his death, and where he complied with all the legal rules and regulations of the order and of the mutual benefit department by the payment to it of all membership fees and of every assessment made and levied against his certificate of membership, and complied with all other rules and regulations of the order and the mutual benefit department; and where, without just cause or legal warrant or authority, the order expelled him from the order, discontinuing his membership therein, and by so doing canceled his certificate of membership in the order and the mutual benefit department, without his consent or approval and over his objections, and thus annuled and repudiated the contract; and where, because of the said repudiation, he seeks to recover all premiums, dues, and assessments that he paid in obtaining and maintaining the certificate, and where the 'certificate of membership' in the nature of a contract of insurance is headed, 'Mutual Benefit Department of' the said order, the name of the order therein appearing, and the certificate refers to his application for membership 'in the Mutual Benefit Department of' said order (the name

of the order there appearing), and to membership fees and assessments levied against the certificate in accordance with the existing laws governing the said 'Mutual Benefit Department, which are now in force or which may be legally adopted hereafter,' and the certificate binds 'the Mutual Benefit Department of the order' (the name of the order following), under the conditions stated in the certificate, to pay the amount of insurance specified to the beneficiary named, and provides that the certificate is but 'evidence of membership in the said Mutual Benefit Department,' that the laws of 'said Mutual Benefit Department, subject to such changes as may be legally made therein, are the basis for and form a part of the contract witnessed by this certificate,' and that any failure on the part of the insured to comply with all the requirements of 'said laws of said Mutual Benefit Department shall work a forfeiture of membership in said Mutual Benefit Department on the part of the member named herein, and this certificate, together with any right to benefit thereunder, shall also be forfeited and become void,' and that 'this certificate is issued and delivered, and any claim thereunder shall be payable at the office of the said Mutual Benefit Department in Cedar Rapids, Iowa, and not elsewhere;' and where the certificate is signed by a named person merely as 'Secretary,' without further designation,—assuming that a cause of action for the recovery of said moneys would inure to a member under conditions and circumstances such as stated, would the right of action be against the order alone, or would it be against the said mutual benefit department alone, through the responsible and proper person or persons conducting the mutual benefit department, or would it lie jointly against the order and the said mutual benefit department, through the responsible and proper person or persons conducting the department?"

Under the facts stated in the question, the order itself is a necessary party. The question states that the order expelled Clark from the order, discontinuing his membership therein, and by so doing canceled his certificate of membership in the order and the mutual benefit department. The question nowhere indicates that the "Mutual Benefit Department" is a separate entity, capable of suing and being sued. Consequently we can not say that the suit should be against said benefit department, or that said department is a proper party to be joined in the suit as a defendant.

"2. Where a person duly became a member of an incorporated beneficial order, and obtained and continued by virtue thereof a 'certificate of membership' in the nature of a contract of life insurance, under conditions and circumstances such as stated in the preceding question, and where in the contract it was 'distinctly declared, covenanted, and agreed that this certificate is but evidence of membership in the said Mutual Benefit Department, and that it in no sense and at no time promises or agrees to anything that is not dependent at all times upon the laws of the said Mutual Benefit Department' of said order 'as they may be legally adopted from time to time,' that 'the laws of said Mutual Benefit Department, subject to such changes as may be legally made therein, are the basis for and form a part of the contract witnessed by this certificate,' and that 'any failure on the part of the insured, or any agent appointed by him, to comply with all the requirements of said

laws of said Mutual Benefit Department shall work a forfeiture of membership in said Mutual Benefit Department on the part of the member named herein, and this certificate, together with any right to benefit thereunder, shall also be forfeited and become. void,' but the certificate further provided for payment of a stipulated sum to the beneficiary of the member in case of death, upon the member's payment of 'the membership fee of each and every assessment that may be levied against this certificate in accordance with the then existing laws governing the said Mutual Benefit Department in such manner and at such time as is prescribed in the laws governing the said Mutual Benefit Department, which are now in force or which may be legally adopted hereafter,' and where the language of the certificate did not otherwise indicate the amounts of assessments, dues, or other payments to be made in continuing said certificate of force; and where, under the laws and rules of the said mutual benefit department and said order in force at the time of said member's expulsion, no person not a member of the order in good standing could obtain, carry, have, or receive benefits of said insurance feature of said order, and where the said member duly paid all assessments, dues, and other moneys required by the certificate and by the laws and rules of the said department and said order; and where, while the certificate was of force, the order expelled him therefrom by the vote and action of the order, without just cause or legal warrant or authority, and discontinued his membership therein, and by so doing canceled the certificate of membership in the nature of a contract of insurance, without his consent and over his objection, and thus repudiated the said contract, would he be entitled, as a matter of law, to a refund of the dues, assessments, and other moneys paid by him as such member for the purpose of obtaining and continuing the certificate, no other reason appearing to the contrary?"

We answer: Yes. *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 *Ga.* 51 (2). Where the order has repudiated the contract of insurance, the rights of the member are not to be measured by the terms of the contract. *Supreme Council* v. *Jordan*, 117 *Ga.* 808, 813 (45 S. E. 33); *Timmerman* v. *Stanley*, 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379).

"3. Where a member of an incorporated beneficial order has been expelled therefrom, and his membership has been discontinued, and he seeks to recover from the order dues, assessments, and other moneys paid by him for obtaining and continuing of force his certificate of membership in the nature of a contract of life insurance, under conditions and circumstances such as set forth in questions 1 and 2 preceding, must he, as a condition precedent to his right to a refund of such dues, assessments, and other moneys, if he be otherwise entitled thereto, first exhaust his remedies in seeking reinstatement and other relief within the organization of the order itself? Would it be necessary for a petition seeking such a recovery of moneys to show that the member has first exhausted such remedies, in the absence of any allegation of a reason for his failure to do so?"

Where a member of an incorporated beneficial order was "without just cause or legal warrant or authority" expelled, as stated in the question,

such member may sue the order for damages sustained, without first exhausting his remedies in seeking reinstatement and other relief within the organization of the order itself, if there is no valid by-law of the order to the contrary. 2 Bacon on Life & Accident Insurance, 1527; Niblack on Accident Insurance, 107, § 53. What would be the effect, under the facts stated, of a valid by-law of the order to the contrary, is not decided, such decision not being required under the question.

"4. Where an incorporated beneficial order has expelled a member therefrom by its vote and action, but without just cause or legal warrant or authority, and has discontinued his membership therein, thus canceling and repudiating his certificate of membership in the nature of a contract of life insurance, without his consent and over his objections, under conditions and circumstances such as are stated in questions 1 and 2 preceding, is such action by the order final and conclusive, so as to preclude a review by a court of law of the conduct and acts of the order, upon action by the member seeking merely the recovery of dues, assessments, and other moneys paid by him during his membership for the purpose of obtaining and continuing of force his certificate in the nature of a contract of life insurance?"

Under the facts stated, the action of the order was not final and conclusive and does not preclude an action at law in the courts by the member seeking merely the recovery of its assessments and other moneys paid by him during his membership.　　　*All the Justices concur.*

No. 4431.　DECEMBER 16, 1924.

Questions certified by Court of Appeals (Case No. 15072).

*Wallis & Fort,* for plaintiff in error.

*J. A. Hixon,* contra.