## PIPKIN v. ORDER OF RAILWAY CONDUCTORS OF AMERICA.

GILBERT, J. 1. Construing together the application and the certificate as constituting the contract between the parties, the change in the by-laws requiring the assessment to be paid by the plaintiff was not a breach of the contract. *Union Fraternal League* v. *Johnston*, 124 *Ga.* 902 (2) (53 S. E. 241).

2. The case of *Order of Railway Conductors* v. *Clark*, 159 *Ga.* 390 (125 S. E. 841), and others cited, were based upon facts materially differing from the facts of this case. In the *Clark* case the complaining member was "without just cause or legal warrant expelled from the order." That decision and the cases cited therein were based upon a repudiation of the contract of insurance by the order. Here there was no such repudiation, and the complaining member has the same right as all others similarly situated to continue his contract under the amended by-laws.     *Judgment affirmed.   All the Justices concur.*

No. 9434.   MARCH 20, 1933.   REHEARING DENIED APRIL 15, 1933.

810

*Roy Lewis,* for plaintiff.

*Anderson, Crenshaw & Hansell,* for defendant.

ON MOTION FOR REHEARING.

The plaintiff contends that this court, in rendering the decision, overlooked the case of *Supreme Council American Legion* v. *Jordan,* 117 *Ga.* 808 (45 S. E. 33). A reference to the decision as rendered will show that such is not the case. In the decision we said: "The case of *Order of Railway Conductors* v. *Clark,* 159 *Ga.* 390 (125 S. E. 841), *and others cited,* were based upon facts materially differing from the facts of this case." *Supreme Council* v. *Jordan* was one of the cases cited in the *Clark* case. The decision as rendered further said, "and the cases cited therein were based upon a repudiation of the contract of insurance by the order." The statement of the case has been revised, and the first paragraph of the decision rewritten. The motion is denied.