27960. PLUMER *v.* BANKERS HEALTH AND LIFE INSURANCE COMPANY.

DECIDED MARCH 6, 1940. REHEARING DENIED MARCH 23, 1940.

*Joseph B. McGinly,* for plaintiff.
*Z. B. Rogers, Turpin & Lane,* for defendant.

GUERRY, J. Abe Plumer brought his action against Bankers Health & Life Insurance Company for damages for breach of contract, seeking return of all premiums, with interest, paid on a certain life-insurance policy. The allegations (construed most strongly against the pleader) were substantially as follows: On November 26, 1926, the defendant delivered to the plaintiff a policy of life insurance in consideration of a weekly thirty-five cents premium. The policy contained the following provision: "After premiums on this policy have been paid for a period of ten years, upon written application to the home office of the company within four weeks after any premium shall be due and unpaid, made upon blanks furnished by the company accompanied by the policy and all receipt books, the company will issue a *free policy,* upon which no further payment of premiums shall be required in accordance with tables used by the company." After the policy had been in force for ten years, and in November or December, 1936, the plaintiff notified an agent of the company that said policy had matured, and requested the agent to obtain for him the necessary blanks on which to make application for a free policy, and on the agent's promise so to do the plaintiff turned over to the agent all papers (policy) and all receipt books, which the agent promised to forward to the company together with the request. In the meantime the plaintiff continued paying premiums, pending the issuance of the policy requested, until the end of the month of January, 1937. During this interim the company made no objection to the manner of request, yet failed and refused to issue the free policy. An agent

of the company finally informed the plaintiff *during this interim* that his policy had lapsed in 1933, and that therefore it had not matured, and that he was not entitled to a free policy. The plaintiff kept his policy in force by payment of all premiums over the years indicated, and never permitted the policy to lapse. Any lapsing of the policy was by the fraudulent and illegal act of the company, and not by default in payment of premiums or with the knowledge or consent of the plaintiff. The plaintiff never consented to the issuance of any substitute policy nor was any ever delivered to him. This was the first information he had ever had of the lapse in 1933 of his policy. The act of the company in so lapsing the policy was an unauthorized repudiation of the contract. The breach of the policy by the company was (1) by failing and refusing to issue the free policy requested, and (2) by illegally and fraudulently lapsing and repudiating the policy without his knowledge or consent. The measure of damages sought was the return of all premiums paid, with interest. The court sustained a general demurrer to the petition and the plaintiff excepted.

In the *first instance* the court did not err in holding that the allegations constituted no cause of action. In seeking a free policy the insured was in effect requesting that a provision of the policy be carried out *specifically according to its terms*. The refusal of the company did not prevent the policy from remaining of force as to its prime purpose, that of paying the death benefit in event of death. The cause of action in such an instance would be a suit to enforce the provision of the policy, and not for recovery of all premiums paid, as for a breach resulting in repudiation. In *Columbian Mutual Life Insurance Co.* v. *Carter*, 58 *Ga. App.* 150 (2) (197 S. E. 925), the court held: "The mere failure of the insurer to pay, upon demand, the alleged cash-surrender value of the insurance contract, as stipulated therein, does not authorize an action for a breach of the contract for a recovery of the premiums paid thereunder." See also *Farrow* v. *State Mutual Life Insurance Co.*, 22 *Ga. App.* 540 (96 S. E. 446). Again, in *Moore* v. *Prudential Insurance Co.*, 56 *Ga. App.* 356 (192 S. E. 731), the court held: "The defendant's refusal to consider a claim for benefits for total and permanent disability alleged to have occurred . . was not a repudiation of the contract, but amounted to merely a refusal to pay under the terms of the contract. Whether or not the defendant

is liable for such claim should be adjudicated in a suit to enforce the terms of the policy." We think these rulings equally apply to the breach in the instant case, the refusal of the company to issue the free policy.

In the other instance of breach pleaded, a cause of action for recovery of all premiums paid, with interest, was set out, and the court erred in sustaining the general demurrer to the petition. There appears a repudiation of the policy in 1933, but unknown to the insured at the time, and only later when he made the discovery at such time that he was seeking to have issued to him a free policy under his contract on which he was regularly paying premiums. In such instance the measure of damages is recovery of all premiums paid, with interest. In *Eminent Household of Columbian Woodmen* v. *Bryant,* 59 *Ga. App.* 283 (3) (200 S. E. 321), the court held: "The amount to be paid to the beneficiary upon the death of the insured is the main, the principal, the prime contract. . . A repudiation of this main or prime condition is such a breach of the contract as will give rise to an action, at the option of the insured, to sue for a recovery of the premiums . . paid." Again, in *Alabama Gold Life Insurance Co.* v. *Garmany,* 74 *Ga.* 51 (2), the court said: "Where a policy of life insurance provided for the payment of premiums annually, and gave the assured the right to continue the insurance, if, after the policy had been continued for several years, the company improperly refused . . to continue the insurance, on a suit brought therefor by the assured, the measure of his damages was the amount of premiums paid, with interest on each from the time such payment was made." That this is true, and that the rights of the insured are not *confined* to the terms of the contract, are supported by the ruling in *Order of Railway Conducters* v. *Clark,* 159 *Ga.* 390 (2) (125 S. E. 841) : "Where the order has repudiated the contract of insurance, the rights of the member are not to be measured by the terms of the contract." See also *Supreme Council* v. *Jordan,* 117 *Ga.* 808, 813 (45 S. E. 33) ; *Timmerman* v. *Stanley,* 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379).

Manifestly the plea of the breach as in the first instance is superfluous, save only as it may appear as inducement, bearing on the facts alleged in the vital breach.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*