## 13967.  GLOVER v. BANKERS HEALTH & LIFE INSURANCE COMPANY.

JENKINS, P. J.  This was an action against an insurer by the insured for the recovery of $111.75 principal and $54.74 interest, being premiums with interest thereon paid in weekly installment under a combination life, sickness, and accident disability policy. It is in effect alleged that the insurance company, on account of the ∘ plaintiff's previous suit and recovery from it of $9 as sick benefits, which it had previously declined to pay, together with damages and attorney's fees, had since refused and declined to accept any further premiums due, and had thereby caused the policy to lapse and become void. The plaintiff therefore sued for the sums stated and for an attorney's fee of $50. The defendant demurred to the petition generally, because it failed to set forth a cause of action, and demurred specially upon various grounds. The court passed an order sustaining the demurrers generally and dismissing the petition, to which the plaintiff excepts. *Held*:

1. Construing the petition according to its manifest intent, not as based upon a rescission, but upon a breach of the entire contract by the insurer in wrongfully refusing to receive further premiums and to continue the insurance in force, a cause of action, good as against the general demurrer, was set forth, under the ruling of the Supreme Court in *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 *Ga.* 51 (1 *a*), (2 *a*), 57, 58, in which it was held that, "where a policy of life insurance provided for the payment of premiums annually, and gave the assured the right to continue the insurance, if, after the policy had been continued for several years, the company improperly refused to receive further premiums or to continue the insurance, on a suit brought therefor by the assured, the measure of his damages was the amount of premiums paid, with interest on each from the time such payment was made." See also *Timmerman* v. *Stanley*, 123 *Ga.* 850 (5) (51 S. E. 760, 1 L. R. A. (N. S.) 379); 14 R. C. L. 1014 (§ 193).

(a) While, under the facts presented by the petition, the insurance company could not maintain its own proceeding to recover the benefits paid by it to the insured in partial performance of its entire contract, after having wrongfully breached its agreement (*Ala. Gold Life Ins. Co.* v. *Garmany*, supra, 58, 59; *Spalding Co.* v. *Chamberlin*, 130 *Ga.* 649, 654, 655, 61 S. E. 533; *So Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622 (3), 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; *Nat. Life Ins. Co.* v. *Jackson*, 18 *Ga. App.* 494 (3), 89 S. E. 633), yet where the petition of the insured indicates that the benefits paid to him under the terms of the policy are fixed and determined or capable of definite ascertainment, his recovery should be limited accordingly in fixing the measure of his damages on account of the company's repudiation of the contract.

(b) The instant case, which is controlled by the rule adopted by the Supreme Court in this State as laid down in the *Garmany* case, supra, is

distinguishable from *Farrow* v. *State Mutual Life Ins. Co.*, 22 *Ga. App.* 540 (96 S. E. 446), where, as was pointed out in distinguishing that ruling from the *Garmany* case and from *Supreme Council* v. *Jordan*, 117 *Ga.* 808 (45 S. E. 33), there was no breach by the company amounting to a repudiation of the contract itself; while here, as in the *Garmany* case and the *Jordan* case, the company's refusal to continue the insurance in force "went to the very vitals of the main contract."

(*c*) The allegations of the petition do not support the claim for attorney's fees under the provisions of the Civil Code (1910), § 2549, but under the provisions of § 4392 the allegations of bad faith on the part of the defendant relative to the transaction and dealings out of which the cause of action arose render the claim for attorney's fees good as against demurrer. See *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381, 384 (45 S. E. 426); *McKenzie* v. *Mitchell*, 123 *Ga.* 72 (51 S. E. 34); *Lovell* v. *Frankum*, 145 *Ga.* 106, 109 (88 S. E. 569); *Twin City Lumber Co.* v. *Daniels*, 22 *Ga. App.* 578, 581 (96 S. E. 437).

2. The petition was subject to the special ground of demurrer setting up its failure to itemize the total amount claimed for premiums paid and the periods of time and particular payments on which the total of interest claimed was computed.

3. The special ground setting up an alleged failure by the plaintiff to attach a full copy of the contract of insurance to his petition is without merit. There is attached a copy of what purports to be the policy itself, embodying all of its essential provisions. The mere fact that the beginning of this policy recites that "in consideration of the application for this policy, which is hereby made a part of this contract," and the provision as to the payment of benefits recites, "this and the foregoing agreement being subject to the terms, conditions, and provisions hereinafter set forth," will not render such ground good. It is not essential that the application, which apparently was neither attached to the policy nor is apparently material to this action, should have been set forth; nor can this court, upon the record as it stands, determine whether or not "terms, conditions, and provisions" existed in addition to those actually appearing and copied as constituting the policy.

4. Direction is given, that at the time the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition so as to cure the defects pointed out in paragraph 4 of the special demurrer and referred to in paragraph 2 of this syllabus, and that upon his so doing, the case stand for trial upon the petition as thus amended; but that upon his failure so to do, the judgment of the court below be unconditionally affirmed.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED MAY 21, 1923.

Complaint; from Richmond superior court — Judge Henry C. Hammond. September 9, 1922.

*Paul T. Chance,* for plaintiff.

*Archibald Blackshear,* for defendant.