*Robert H. Smith, John O. Owen,* for plaintiffs in error.
*W. O. Slate, J. B. McCallum,* contra.

## 21151. INDUSTRIAL LIFE & HEALTH INSURANCE COMPANY *v.* THOMAS.

JENKINS, P. J. 1. Where there is a breach of a contract of insurance by the insurer, as where an insurance company refuses to accept a premium on a life and health insurance policy tendered in accordance with the terms of the contract, and thus repudiates the contract, the insured may recover any damage he has sustained by reason of the breach, and ordinarily his measure of damages is the premiums paid, with interest thereon. *Alabama Gold Life Ins. Co.* v. *Garmany*, 74 *Ga.* 51; *Order of Ry. Conductors* v. *Clark*, 159 *Ga.* 390, 392 (125 S. E. 841); *Glover* v. *Bankers Health & Life Ins. Co.*, 30 *Ga. App.* 308 (117 S. E. 665). While, as a general rule, where the action of the insurance company does not amount to a repudiation of the contract of insurance, but amounts merely to a refusal to pay, as required by the policy, sick benefits accruing under its terms, the right of action of the insured is governed by the policy itself, and he is entitled only to sue for and recover the amount of the benefits thus accruing (29 C. J. 279), still if the action of the insurance company amounts to a repudiation of the contract itself, and is accompanied by a declaration to the effect that no future premiums will be received, the insured may treat the contract as breached, and sue for the premiums paid with interest thereon, without tendering premiums thereafter accruing, since a declaration to the

effect that no such premiums will be received amounts to a waiver of the tender of them. *Southern Life Insurance Co.* v. *Logan,* 9 *Ga. App.* 503 (2) (71 S E. 742).

2. In the instant suit to recover the amounts of the premiums which had been paid by the plaintiff on a policy of life and health insurance, based upon an alleged breach of the contract of insurance by the company in demanding that the insured permit the deduction, from weekly benefits accrued, of premiums on the policy for four weeks in advance (such premiums being payable weekly, and the insured not being, at the time, in arrears), and refusing to pay such sick benefits unless the deduction was consented to, there was evidence on behalf of the plaintiff, admitted without objection, that the defendant's agent, in offering to pay the sick benefits, deducted the premiums for four weeks in advance, and that the defendant's district manager later offered the plaintiff the reduced amount, stating, that "is all I can give you." The plaintiff further testified, without objection, that "they say if I didn't let them take that out they would not let me belong to the company. I said the policy didn't call for anything like that. At the time they offered me the $10 (the weekly sick benefit due), with the $3.75 out, my book was jamb up. I had paid them up to that time, and they would not let me continue in by paying 50 cents weekly. He said he had to have that all at one time or nothing." This evidence authorized a finding that the defendant company had breached the contract by repudiating liability which had accrued under the policy, and declaring its unwillingness to accept future premiums tendered in accordance with the terms of the policy. The verdict in favor of the plaintiff can not, therefore, be set aside as being unauthorized by the evidence.

3. The defendant can not complain that the verdict returned in favor of the plaintiff was less than the amount sued for, or less than might have been authorized.

4. The answer of the defendant consisted of a mere general denial of the averments of the petition. The court did not err, therefore, in instructing the jury, in general terms, that the defendant denied any breach of the contract as alleged, and in not further instructing the jury, upon his own motion and without any request, as to the contentions of the defendant as made by the testimony. Moreover, while the agent of the defendant company testified that upon his visiting the plaintiff to make settlement for the sick benefits due him, the plaintiff consented to the deduction of advance premiums on the policy, and signed a receipt accordingly, the agent receipting the plaintiff's premium book for such advance payments, it is undisputed that before the agent left the plaintiff's house the plaintiff withdrew such consent, and that he had never in fact actually received any part of the $10 due him at the time under the policy. Accordingly, a charge by the court to the effect that the defendant contended that the plaintiff had consented to the deduction of the advance premiums from the sick benefits due would not have been authorized.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided July 17, 1931. Rehearing denied August 29, 1931.

*Shelby Myrick,* for plaintiff in error.

*Spence M. Grayson, H. Mercer Jordan, Leon H. Grayson,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J. It is insisted by counsel for the plaintiff in error, by motion for rehearing in the instant case, that the court in its original opinion overlooked the uncontradicted evidence to the effect that the policy of the plaintiff did not lapse until about three months after the alleged refusal of the company to pay sick benefits, and then lapsed on account of the refusal of the plaintiff to pay further premiums. The case was decided originally on the theory that the evidence of the plaintiff authorized a finding that the insurance company refused to pay the accrued sick benefits unless the plaintiff would permit the unauthorized deduction of premiums in advance on his policy and another policy held by his wife, and, upon his making complaint to the district manager, notified him that he could not "belong to the company" unless such deductions were permitted, and that they would not let him continue in [the company] by paying the weekly premiums provided for by the policy, and thus authorized a finding that the company had repudiated its contractual obligation by refusing to accept further premiums paid in accordance with the terms of the policy. The agent who undertook to make settlement of sick benefits with the insured did testify that the insured had at first consented to the deduction of the premiums in advance, and that he made entries in the receipt book accordingly, but he further testified that during the same conference, and after consulting with his wife, the plaintiff withdrew such consent and refused to accept, and did not accept, the reduced amount of sick benefits. It was undisputed that the accrued amount of sick benefits had never been paid, although there was disputed testimony for the company that, following subsequent efforts of the company to enforce and compel acquiescence in its demand for unauthorized prepayments of premiums, the company finally did tender the full amount of the sick benefits; but, as already indicated, this evidence was disputed by the insured. On the motion for rehearing, insistence is now made that the evidence shows by the testimony of one witness that "after the occurrence (referring to the controversy about the sick benefits) took [place]

this policy remained in force as much as three months—until March 31, if I remember aright. It lapsed after that date, because we could not get any more premiums. He refused to pay further premiums, as I understood from the agent. I never saw the parties myself." It is insisted·in the motion for rehearing that this testimony is undisputed, and demanded a finding that the insurance company had accepted premiums tendered by the insured in accordance with the terms of the policy after the date of the alleged breach, and therefore a finding that the conduct of the company as testified to by the plaintiff amounted to a repudiation of the contract and a breach thereof was not authorized. The testimony referred to seems to be at most something that the witness "understood" from the agent, and therefore to be mere hearsay. But, in addition to this, it is strongly contradicted by the premium-receipt book introduced by the plaintiff, which bore no entry of any payment of premiums subsequently to the date on which the effort was made by the agent to induce the plaintiff to accept the amount of the accrued sick benefits less the advance premiums, the last entries in the receipt book being the entries which the agent testified he made to cover the advance premiums which the plaintiff, before the payment of the reduced amount of sick benefits, refused to permit to be deducted. We think, therefore, that the finding of the jury in favor of the plaintiff was authorized, and that it can not be set aside on the general ground that the undisputed testimony demanded a contrary finding.  *Rehearing denied.*