BANKERS HEALTH & LIFE INSURANCE COMPANY *v.* JAMES.
BANKERS HEALTH & LIFE INSURANCE COMPANY *v.* WILLIAMS.

PER CURIAM. 1. According to several decisions by the courts of this State and many decisions in other jurisdictions, in an action against an insurance company for an alleged breach by the insurer of its contract to keep in force a policy of life insurance according to the terms of its agreement, the plaintiff may elect to recover as his measure of damages the amount of premiums paid, with interest on each payment from the time it was made, although such measure of recovery is in reality more appropriate to an action based upon a rescission. *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 *Ga.* 51 (2); *Industrial Life &c. Ins. Co.* v. *Thomas*, 43 *Ga. App.* 679 (159 S. E. 885); *Supreme Council American Legion of Honor* v. *Jordan*, 117 *Ga.* 808 (45 S. E. 33); *Timmerman* v. *Stanley*, 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379). But this may not be the only measure of damages which may be recovered in such a case, since damages are given as compensation for the injuries sustained, and may vary according to the particular facts of each case, including the terms and conditions of the policy and the physical condition of the insured. Civil Code (1910), §§ 4390, 4395; *Order of Railway Conductors* v. *Clark*, 159 *Ga.* 390 (2) (125 S. E. 841); Garland *v.* Jefferson Standard Life Ins. Co., 179 N. C. 67 (101 S. E. 616); Mutual Reserve Fund Life Asso. *v.* Ferrenbach, 144 Fed. 342 (75 C. C. A. 304, 7 L. R. A. (N. S.) 1163); American Insurance Union *v.* Woodard, 118 Okla. 248 (247 Pac. 398, 48 A. L. R. 102); Marshall *v.* Franklin Fire Ins. Co., 176 Pac. 628 (35 Atl. 204, 34 L. R. A. 159); Strauss *v.* Mutual Reserve Fund Life Asso., 126 N. C. 971, 128 N. C. 465 (36 S. E. 352, 39 S. E. 55, 54 L. R. A. 605, 83 Am. St. R. 699).

2. The right of the insured under a life-insurance policy to recover premiums paid, with interest, as stated in the preceding note, would exist in like manner where the contract was a combination life and health policy.

3. Where the insured has sought to recover as his measure of damages the premiums paid, with interest thereon, the insurance company would not be allowed to plead, in diminution of the damages, the mere value of the insurance which the company had supplied to the insured for the period during which the policy was in force (*Alabama Gold Life Ins. Co.* v. *Garmany*, supra), but should be allowed to plead, in reduction of the damages, any sums of money actually paid to the insured as benefits accruing under the policy. *Glover* v. *Bankers Health & Life Ins. Co.*, 30 *Ga. App.* 308 (117 S. E. 665).

4. If the insured claims as his measure of damages the amount of premiums paid, with interest thereon, it would be immaterial whether he had become uninsurable after the issuance of the policy; but if the insured is no longer an insurable risk, he may claim as his measure of damages "the amount of the policy, less cost of carrying it to maturity had it remained in force, all amounts entering into the calculation to be calculated upon the basis of the legal rate of interest as of the date of cancellation." Mutual Reserve Fund Life Asso. *v.* Ferrenbach, supra; Garland *v.* Jefferson Standard Life Ins. Co., supra.

5. The foregoing rulings are made in answer to questions certified by the Court of Appeals. The request of counsel for the insurance company to overrule the decisions in *Alabama Gold Life Ins. Co.* v. *Garmany, Supreme Council* v. *Jordan,* and *Order of Railway Conductors* v. *Clark,* is denied.

*All the Justices concur, except Hill, J., absent because of illness.*

No. 9391. AUGUST 10, 1933.

*Hay & Gainey,* for plaintiff in error.    *James B. Burch,* contra.