22184. BANKERS HEALTH & LIFE INSURANCE Co. *v.* JAMES.
22212. BANKERS HEALTH & LIFE INSURANCE Co. *v.* WILLIAMS.

JENKINS, P. J.  1. The records and questions involved in these cases are substantially the same. Under the answers of the Supreme Court to questions certified to it, the actions of the plaintiffs against the insurance company, for its alleged failure to keep in force the policies of life and health insurance, and seeking as the measure of damages the recovery of the $103.42 premiums paid and $49.14 interest on each payment from the time it was made, were maintainable. The court did not err in overruling the demurrers to the petitions as amended. *Bankers Health Insurance Co.* v. *James,* 177 *Ga.* 520 (170 S. E. 357). Other special grounds of the defendant's demurrers are without merit.

2. Under the answer of the Supreme Court to an additional question propounded to it in these cases, the defendant insurance company should be allowed to plead, in reduction of the damages sought to be recovered by the plaintiffs, any sums of money actually paid to the insured as benefits accruing under the policy. Accordingly, the court erred in striking, on the plaintiff's demurrer and motion, the 5th paragraph of the defendant's answer as amended, pleading that the plaintiffs had received sick benefits under the policies, amounting to as much as the premiums sought to be recovered by the plaintiff, and to the alleged sum of $396.

3. The court did not err in striking from the 5th paragraph of the answer, under the special demurrer, the allegation, qualifying the averments as to the payment of sick benefits, that these were received by each of the plaintiffs "before she voluntarily allowed said policy to lapse and become void for the nonpayment of premium," upon the ground that such allegation was too vague and indefinite, and was a conclusion of the pleader without setting forth the facts necessary to determine "whether said policy became void for nonpayment of premiums."

4. The erroneous rulings as to the amended answers of the defendants, which sought to offset the amounts of damages claimed by the plaintiffs by the amounts of sick benefits received under the policies, having denied the right to plead and prove such defense, and having thus rendered the subsequent proceedings and the judgments for the plaintiffs for the amounts sued for nugatory, it is unnecessary to determine the merits of the general grounds of the defendant's motion for a new trial, or the ground in amplification thereof based upon specific contentions as to the force and effect of parts of the oral and documentary evidence.

*Judgments reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 22, 1933.

*Hay & Gainey,* for plaintiff in error.  *J. B. Burch,* contra.