26284. ROYAL ARCANUM *v.* LESTER *et al.*

DECIDED OCTOBER 15, 1937.

*Bryan, Middlebrooks & Carter, Bonneau Ansley, Carlton Mc-Camy,* J. A. *McFarland,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

GUERRY, J. John Addison Lester and Mrs. J. A. Lester, as administrators of the estate of John Addison Lester, instituted the present action against Royal Arcanum, a non-resident fraternal

benefit insurance company. The petition made substantially the following case: On April 22, 1901, the Royal Arcanum issued to John Addison Lester benefit certificate 287,258, insuring his life, in which Berta Clide Lester was named as beneficiary. The insured died on June 24, 1935. Under the certificate the insured was to pay the insurer assessments and dues monthly, and in the event of his death at any time when all dues and assessments had been paid, and while he was a member of the order in good standing, the insurer would pay the beneficiary $2000. Commencing in April, 1901, the insured paid under the certificate monthly dues and assessments of $4.93 per month. On April 4, 1935, the insured was notified by the insurer that his assessments and dues, commencing with the month of May, 1935, would be increased from $4.93 per month to $15.38 per month. Said dues and assessments were levied as of the first day of each month, but were payable at any time during said month before 10 p. m. on the last day of the month. The assessments and dues levied by the insurer upon the insured for the month of May, 1935, amounting to $15.38, were paid on May 21, 1935. Notwithstanding that the insured had paid to the insurer all the dues and assessments levied against him from April, 1901, through May, 1935, entitling him to all the benefits, rights, and privileges under said certificate 287,258, and notwithstanding that the insured complied with all other rules and regulations of the insurer in reference to said certificate, the insurer without just cause or authority suspended the insured in May, 1935, discontinued his membership and canceled his certificate of membership and all his rights, privileges, and benefits thereunder, without his knowledge or consent, and thus annuled and repudiated said contract and benefit certificate; all of which occurred during the lifetime of the insured. The petitioners as administrators elect to treat said contract as rescinded and repudiated by the insurer, and bring this action to recover from the insurer the amount of assessments and premiums paid under said certificate and contract of insurance, together with interest thereon from the date of each payment, on the ground that the insurer without authority unlawfully discontinued the membership of the insured and suspended him as above stated, said unauthorized suspension being a breach of the contract of insurance, and the recovery of the amounts stated being sought as

the measure of damage for breach of the contract. The defendant filed its answer which was substantially as follows: It did not issue "any policy of insurance." It is a fraternal benefit society, and issued to John Addison Lester a certificate of membership containing, among other provisions, those set out in paragraph 3 of the petition. It is admitted that the assessments levied on the certificate held by Lester were increased to $15.38 per month, but it is alleged that the May, 1935, assessment "was not paid upon said certificate, and the failure of the member, John Addison Lester, to pay said assessment caused him, under the rules of the order, to become suspended from membership in said order," and "the certificate of membership therefore lapsed in accordance with and as provided by the constitution and laws of the Royal Arcanum governing the supreme, grand and subordinate councils and members;" and that the defendant "refused to pay plaintiffs any sum of money, because it is not indebted to them." The jury returned a verdict for the plaintiffs. The defendant excepted to the overruling of its motion for new trial.

This court is of the opinion that the verdict is contrary to law and without evidence to support it. This is not a suit by the beneficiary named in the certificate, as such, to enforce the payment of the death benefit set out in the certificate, but it is a suit by the beneficiary and another, in their capacity as administrators of the estate of the insured, to recover the assessments paid by the insured under the certificate, on the theory that the insurer committed a breach of the contract by a wrongful cancellation thereof during the lifetime of the insured. It appears from the allegations of the petition as originally filed, though these allegations were withdrawn by amendment, that the beneficiary, and joint plaintiff here, has assigned all of her rights in the certificate of insurance to another for a valuable consideration. This tends to explain why the present character of action was prosecuted. The entire evidence at the trial was directed to the issue whether the insured had paid to the defendant the May, 1935, assessment. While this is not an equity case (*Royal Arcanum* v. *Lester*, 184 *Ga.* 51 (190 S. E. 562) wherein, under the Code, § 37-1104, the trial judge shall, at the request of either party, submit to the jury only special issues of fact, upon which

special verdict of facts the judge "shall make a written judgment and decree in said cause, under the law applicable to the same," and while it has been held that this section has no application in law cases (*Tufts* v. *DuBignon*, 61 *Ga.* 322 (2) ; *Central of Georgia Railway Co.* v. *Americus Construction Co.*, 133 *Ga.* 392 (5), 65 S. E. 855), yet nevertheless it appears in the record that the judge did submit to the jury, at the instance of the plaintiff in error, certain written questions of fact, although he instructed the jury to return a general verdict in favor of either the plaintiff or the defendant. These questions and the answers thereto by the jury were filed by the judge as a part of the verdict. Among these questions and answers by the jury was the following: "6. Did John Addison Lester pay the May, 1935, assessment No.. 705 ? Yes." It should here be stated, however, that the legality and effect of this procedure is not presented in the present appeal. We assume that it is to be admitted that if the insured failed to pay the May, 1935, assessment, the certificate automatically lapsed on May 30, 1935, in accordance with the by-laws of the plaintiff in error; and further, that a cancellation so occurring could not be said to be wrongful or to constitute a breach of the contract. On the other hand it seems equally clear that if the May assessment was paid, as was found by the jury, and as contended by defendants in error, the evidence is not sufficient to show any right in the insured's administrators to bring the present character of action in connection with the contract. It is true that under the decisions of this court and the Supreme Court, if an insurance company illegally cancels and repudiates a contract of life insurance, by refusing to accept premiums thereon or by otherwise showing an intention not to be bound thereby, the insured may treat such refusal as a breach of the contract and in a suit therefor "may elect to recover as his measure of damages the amount of premiums paid, with interest on each payment from the time it was made, although such measure of recovery is in reality more appropriate to an action based upon a rescission." *Bankers Health & Life Insurance Co.* v. *James*, 177 *Ga.* 520 (170 S. E. 357), and cit. It is also true, as a general rule, that the personal representative of a deceased may exercise any right, in reference to a contract made by deceased in his lifetime, that he could were he living. However, neither of these principles authorizes a recovery

in the present case. It is only the breach of the contract of insurance as to the insured that authorizes a recovery of the premiums as a measure of damages, and the only breach of a contract of life insurance, wherein a third party is designated as beneficiary, that can possibly occur as to the insured, is an anticipatory breach of the contract, that is, a wrongful cancellation by insurer of the policy during the insured's lifetime, and his acceptance of such cancellation as a breach. Until the insured's acceptance, the cancellation amounts to nothing; and if the insured dies, and the policy is not otherwise lapsed, it remains in full force and effect, and the beneficiary becomes absolutely and indefeasibly vested with all of the rights thereunder, which can not be divested by the insured's administrators. As to the insured, the law thus compels a compliance with the terms of the contract by the insurer; and the time of performance having arrived, and the rights of the beneficiary having vested, the insured's administrator's have no right to divest the rights of the beneficiary by electing to accept a cancellation, which the law has prevented. The evidence in the present case not only fails to show that the insured elected to treat the wrongful cancellation as a breach of the contract, but on the other hand a finding is demanded that the insured knew nothing of the cancellation at the time of his death. Consequently there was not even a tender of the breach of the contract, much less an acceptance thereof by insured. It has been said that "It takes two to speak the truth; one to speak and another to hear." Just as surely does it take two to have a tender of a breach of an executory contract. An insurer might repeat to itself day by day that a certain contract is lapsed and canceled, under the erroneous assumption that a premium has not been paid; but if this is not communicated to the insured, there has been no tender of a breach of the contract as to him. The verdict is contrary to law and without evidence to support it.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*