### 26785. COLUMBIAN MUTUAL LIFE INSURANCE CO. *v.* CARTER.

GUERRY, J. 1. In an action upon an alleged contract, the petition should affirmatively disclose (when construed most strongly against the pleader), among other things, (1) the existence of the contract, (2) the failure of the defendant to perform some obligation due to the plaintiff thereunder, and (3) consequent damage to the plaintiff. It is not necessary for the plaintiff to anticipate and negative any possible defense that the defendant may have to the contract sued on; yet, where the plaintiff in his petition does anticipate a possible defense by the defendant, it must be effectually avoided, or the petition is subject to general demurrer. *James* v. *Maddox,* 153 *Ga.* 208 (111 S. E. 731); *Smith* v. *Scarborough,* 182 *Ga.* 157 (185 S. E. 105); *Simpson* v. *Jones,* 182 *Ga.* 544, 547 (186 S. E. 558); *Chance* v. *Commercial Credit Co.,* 30 *Ga. App.* 543 (118 S. E. 465); *Davis* v. *Farmers & Traders Bank,* 36 *Ga. App.* 415 (136 S. E. 816); *Williams* v. *Seaboard Air-Line Ry. Co.,* 165 *Ga.* 655 (141 S. E. 805). Thus, in an action on a contract of insurance (attached to and made a part of the petition), for recovery of its cash value as shown by a table contained therein, which policy provides in part that "The Columbian Mutual Life Assurance Society [taken over by and merged with the defendant] is incorporated as a Fraternal Beneficiary Society under the laws of the State of Mississippi, . . and full compliance with the constitution and laws of the society, now existing or as hereafter legally amended, on the part of the assured is a condition precedent to any liability of the society hereunder," and where the petition alleges that upon application of plaintiff for the cash value sued for, the defendant company refused payment because an assessment had been levied against the policy in the amount of the cash value, and it is not alleged either in general or specific terms that the defendant had no authority to make such assessment, and it does not affirmatively appear from the allegations of the petition and the contract attached thereto that the defendant had no such authority, and where the plaintiff contents himself with the mere allegation that "he is willing to surrender the policy for cancellation upon payment to him by the company of the cash-surrender value of said policy," the petition is subject to general demurrer.

2. The mere failure of the insurer to pay, upon demand, the alleged cash-surrender value of the insurance contract, as stipulated therein, does not authorize an action for a breach of the contract for a recovery of the premiums paid thereunder. *Farrow* v. *State Mutual Life Ins. Co.,* 22 *Ga. App.* 540 (96 S. E. 446); *Moore* v. *Prudential Insurance Co.,* 56 *Ga. App.* 356 (192 S. E. 731).

3. Under the above rulings, both counts of the petition were subject to general demurrer, and the action should have been dismissed.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 30, 1938.

*Heyman & Heyman, C. E. Gregory Jr.,* for plaintiff in error.
*George B. Culpepper Jr.,* contra.