26850. INDUSTRIAL HEALTH AND LIFE INSURANCE, COMPANY *v.* BUGGS.

Decided December 5, 1938.

*Erwin & Nix,* for plaintiff in error.

*Tolnas & Middlebrooks,* contra.

MacIntyre, J. Julia Buggs brought this action against Industrial Health and Life Insurance Company to recover premiums which had been paid by her on two policies of insurance which had been issued to her by the defendant. The plaintiff's original petition was substantially as follows: The defendant is indebted to her $164.85 principal, also interest thereon, by reason of the fol-

lowing facts: she took out two policies with the defendant on August 25, 1919, and July 22, 1929, and has paid premiums on them in the amount of $164.85, the weekly premiums being respectively fifteen cents and ten cents. The material parts of the policies are: "The said Industrial Life and Health Insurance Company does hereby agree to pay to the beneficiary named in said schedule the amount named therein as a death benefit within twenty-four hours after satisfactory proof of death shall be furnished to the home office of the company, and in case of sickness or accident it agrees to pay to the insured the weekly indemnity named in said schedule." The two policies had a total indemnity of $5 per week. She became sick in January, 1936, and was confined to her bed for a period of over thirteen weeks, during which time she filed with said company thirteen claims for sick benefits. The defendant paid $5 per week for the first three weeks of her illness, and after that, through a duly-authorized agent, J. E. Daniel, refused to pay her the full amount, paying only $2.50 per week for the next five weeks, the agent stating that the company was not bound under the contracts to pay her more than one half of such sick claims; and for the last five weeks of said sickness, for which she filed sick claims with the company, the defendant, through its agent, J. E. Daniel, notified her that the company refused to pay said sick claims, and that the amount already paid her was all the company would pay for the disease with which she was suffering. The company, by such conduct, has repudiated the contracts of insurance, and by reason thereof she has been damaged in the amount of $164.85 principal with interest at seven per cent. per annum from the dates of the payments of said premiums.

The defendant demurred generally and specially to the petition, the ground of general demurrer being that the petition set out no cause of action for the reason that it was based on a claimed repudiation of the contracts of insurance and that the facts pleaded did not show such repudiation.

The plaintiff thereupon amended her petition as follows: "Petitioner alleges that in addition to the default of said company in complying with its contract as alleged in paragraph 6, the defendant through its said agent notified petitioner that it would not comply with the terms of said contract in that it would not pay petitioner for any sickness or accident which might happen to

petitioner after that time, and that said company would pay petitioner no more money unless it was for breaking an arm or leg; the defendant attempted to get the policies hereinbefore described away from petitioner, and through its said agent demanded the same from petitioner, and upon realizing that petitioner knew better than to have said policies in her hands when being visited by defendant, and that petitioner made practice of putting away the policies upon such occasions, said agent offered to pay petitioner $50 for the same; petitioner alleges that she had a right to believe, and did believe that said agent in demanding said policies from her intended to deprive her of them, because of his demeanor and because of a previous occasion in the year 1935, after petitioner had been confined to bed for some weeks and said company realized that they would have to pay some benefits for sickness to petitioner, sent said agent to petitioner and demanded the policies from her, on the subterfuge that he wanted to see if they were correct; the defendant always waited until petitioner became sick before wanting the policies; that said statement was made in order to get said policies from petitioner and deprive her of her rights thereunder. Petitioner alleges that the refusal of said company to comply with its contract to pay the claims for sickness which were filed with it was deliberate, wilful, intentional, and in utter disregard of the plaintiff's rights to the same, and with full knowledge and conviction that it owed the same to petitioner. That there are 164 principal diseases causing death listed by the U. S. Bureau of Vital Statistics, and that there are over 100 principal accidents, so that a policy paying for nothing but the breaking of an arm or leg is valueless compared to one providing security against the many diseases and accidents contemplated by the policies held by petitioner; and the deliberate refusal to pay for the sickness referred to herein and the statements of said agent that petitioner would not be paid for future sickness or accident except for the breaking of an arm or leg, and the repeated efforts, by said artful practices, to get possession of said policies, and defendant's desire to get said policies from petitioner by fair means or foul, exhibited to petitioner an intention upon the part of said company not to perform said contract, and amounted to a repudiation thereof. Petitioner immediately, upon the culmination of said series of events, accepted said conduct and statements as a repudiation of the contract upon

the part of the defendant company, and discontinued paying premiums upon said policies and brought this suit. That since this suit was filed, said agent for said company has acknowledged that the refusal to pay petitioner was without justification or excuse, saying that he was trying to get his business straight so that he could pay her."

This amendment having been allowed subject to demurrer, the defendant renewed its demurrer to the original petition and to the petition as amended. The court overruled the demurrer and the defendant excepted.

Admitting every fact pleaded, we are of the opinion that the plaintiff was not entitled to recover the premiums paid on the policy. Under the allegations of the petition as amended has there been a repudiation of the contract by the company? We think not. "Where there is a breach of a contract of insurance by the insurer, as where an insurance company refuses to accept a premium on a life and health insurance policy tendered in accordance with the terms of the contract, and thus repudiates the contract, the insured may recover any damage he has sustained by reason of the breach, and ordinarily his measure of damages is the premiums paid, with interest thereon. *Alabama Gold Life Ins. Co.* v. *Garmany,* 74 *Ga.* 51; *Order of Ry. Conductors* v. *Clark,* 159 *Ga.* 390, 392 (125 S. E. 841); *Glover* v. *Bankers Health & Life Ins. Co.,* 30 *Ga. App.* 308 (117 S. E. 665). While, as a general rule, where the action of the insurance company does not amount to a repudiation of the contract of insurance, but amounts merely to a refusal to pay, as required by the policy, sick benefits accruing under its terms, the right of action of the insured is governed by the policy itself, and he is entitled only to sue for and recover the amount of the benefits thus accruing (29 C. J. 279), still if the action of the insurance company amounts to a repudiation of the contract itself, and is accompanied by a declaration to the effect that no future premiums will be received, the insured may treat the contract as breached, and sue for the premiums paid with interest thereon, without tendering premiums thereafter accruing, since a declaration to the effect that no such premiums will be received amounts to a waiver of the tender of them. *Southern Life Insurance Co.* v. *Logan,* 9 *Ga. App.* 503 (2) (71 S. E. 742)." *Industrial Life & Health Ins. Co.* v. *Thomas,* 43 *Ga. App.* 679 (159 S. E. 885).

None of the facts alleged can be said to amount to such a repudiation of the contract by the defendant as would authorize a recovery of the premiums paid. In the main, the alleged conduct of the defendant amounted to no more than a refusal to pay benefits under the terms of the policy. It is not alleged that the defendant has refused to accept premiums, or that it has tendered to the plaintiff a contract differing from the one originally issued. It is alleged that the agent of the defendant fraudulently attempted to obtain possession of the policy, and, *failing in this,* offered to pay plaintiff $50 therefor, but the allegations show that the plaintiff expressly refused this offer of rescission. The right of action of the insured, if one exists, must be governed by the policy alone—a suit thereon for the recovery of benefits. See *Moore* v. *Prudential Ins. Co.,* 56 *Ga. App.* 356, 364, 365 (192 S. E. 731); *Royal Arcanum* v. *Lester,* 56 *Ga. App.* 527 (193 S. E. 259). Under the facts alleged, the plaintiff could not maintain an action for the recovery of premiums on the theory that there had been a rescission of the contract. Nothing herein ruled is contrary to the decision of the Supreme Court in *Supreme Council* v. *Jordan,* 117 *Ga.* 808 (45 S. E. 33).

The court erred in overruling the general demurrer.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*