28478. ADAMS *v.* INTER-OCEAN CASUALTY COMPANY.

DECIDED NOVEMBER 14, 1940. REHEARING DENIED DECEMBER 12. 1940.

*John J. Neely, Edgar A. Neely Jr.,* for plaintiff.
*Charles D. Hurt,* for defendant.

SUTTON, J. (After stating the foregoing facts.) The following is the opinion of my two brethren of the court, to which I do not agree, as will later appear from my dissenting opinion which appears. The sum and substance of the petition is that the plaintiff had paid continuously on his policy for ten years, and had earned the right to a paid-up policy, which provided for disability benefits and a death benefit; that the insurance company had repudiated the entire contract by erroneously contending that it had lapsed; and that the repudiation was a complete anticipatory one, as well as a mere failure to pay a past claim. The insurance company repudiated the contract, according to the petition, by showing an intention not to be bound thereby. It makes no difference how such an intention is manifested, if it is sufficiently established. If in this case the plaintiff can prove that the insurance company wrongfully repudiated what he contended was a paid-up contract, and demanded more premiums, the repudiation would be proved just as effectively as if he had proved the company had refused to accept further premiums on a binding contract calling for the payment of premiums. The mere fact that the plaintiff could have sued on the policy for the past disability is no reason why he could not accept the repudiation of the whole contract as a breach, and sue to recover the premiums paid. *Bankers Health & Life Insurance Co.* v. *James,* 177 *Ga.* 520 (170 S. E. 357). Under the allegations of the petition, the repudiation was more than a mere refusal to pay a benefit claim. Here the company gave notice that it would not only not pay a past disability claim, but stated it would not pay any future claim, which included the death benefit. It is true that the plaintiff was not obliged to accept the breach and sue for the premiums. He could have sued on the policy while he was alive, for every benefit accruing to him under it, if it was paid up as he alleged, and his beneficiary or his estate could have sued after his death for the death benefit. He could elect his remedy. The cases cited by the defendant are not in point, and refer to facts showing a mere refusal to pay or facts failing to show a repudiation of the entire contract. The plaintiff's pleading

of the letters which he contends show a repudiation is not to be construed as an admission that the contents of the letters are true. It was not necessary for him to plead his evidence in the first place, and the pleading of it will not preclude him from proving that the contention stated therein, namely, that his policy had lapsed, was not true. The court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

Sutton, J., dissenting. The plaintiff's suit is for a recovery of premiums paid by him on a policy of insurance, on account of an alleged breach of the insurance contract by the insurer. The question for determination is whether, under the allegations of the petition, the insurer breached the contract by a wrongful cancellation and repudiation thereof, or whether the petition, when properly construed on demurrer, shows only a refusal to pay sick benefits, because the plaintiff had allowed the policy to lapse by the non-payment of premiums as required by the terms of the policy. The plaintiff's contention that the defendant breached or repudiated the contract depends on the two letters attached to and made a part of the petition, one under date of June 24, 1938, and the other under date of May 12, 1939, both of which are set out in the statement of facts. These two letters were written by the defendant to the plaintiff in response to claims by him for disability benefits. It will be seen from these letters that the defendant denied liability and refused to pay the disability claims, on the ground that the plaintiff had permitted the policy to lapse on December 15, 1937, by non-payment of the agreed premiums, and that it had not been in force since that date. But it was contended by the plaintiff that the policy was paid up on November 15, 1937, by reason of his having paid the premiums thereon for a period of ten years from the date of the policy. In this respect the policy provides: "If this policy is maintained in continuous force and effect without delinquency for a full period of ten (10) years from the date of issue, the company will, without further payment by the 'insured' and subject to all provisions herein contained, declare it to become and thereafter be fully paid up for both sickness and accidental disability as well as death as herein provided. (If allowed to lapse. this policy may be reinstated; and if kept in continuous force, without delinquency for ten years from date of reinstatement, it shall

become paid up as provided herein.)" The letters relied on as constituting a breach of the contract stated that the plaintiff had permitted the policy to lapse on July 15, 1928, by non-payment of the agreed premiums; that the policy was reinstated on July 23, 1928, and consequently the policy would not have become paid up until July 15, 1938, under the terms of the contract just above stated; that the plaintiff had not paid or tendered any premium since November 13, 1937, and that the policy simply lapsed by the non-payment of the agreed premium on December 15, 1937, and that it had not been in force since that date. These letters were pleaded by the plaintiff, and attached to his petition, to show a breach of the contract; and in construing the petition on demurrer the court will look to the letters themselves to see whether they show a breach, instead of to the allegations and conclusions of the pleader in respect thereto. *Strickland* v. *Lowry National Bank,* 140 *Ga.* 653 (2) (79 S. E. 539); *Shiflett* v. *Dobson,* 180 *Ga.* 23, 28 (177 S. E. 681); *New Zealand Fire Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (6) (116 S. E. 922). The suit is not on the insurance contract, but is for a breach of it, and the alleged breach is the cause of action declared on. If the letters do not show that the defendant repudiated or breached the contract, but on the other hand show that the defendant was relying on the terms of the contract, and that the plaintiff had let the policy lapse for the non-payment of premiums, under its own terms, then the petition failed to state a cause of action, and the court properly sustained the demurrer. In my opinion this is exactly the situation here presented; that is, the letters plead and relied upon in the petition to show a breach of the insurance contract fail to show a repudiation or breach, and therefore the plaintiff is not entitled to maintain this suit to recover premiums paid on the policy.

The cases cited and relied upon by the plaintiff, *Glover* v. *Bankers Health & Life Insurance Co.,* 30 *Ga. App.* 308 (117 S. E. 665), *Industrial Life & Health Insurance Co.* v. *Thomas,* 43 *Ga. App.* 679 (159 S. E. 885), *Prudential Insurance Co.* v. *Ferguson,* 51 *Ga. App.* 341 (180 S. E. 503), and *Jones* v. *Pacific Mutual Life Insurance Co.,* 57 *Ga. App.* 16 (194 S. E. 249), are unlike the present case, and are not controlling of the question here presented. The case at bar is controlled by the principles as laid down in *Farrow* v. *State Mutual Life Insurance Co.,* 22 *Ga. App.* 540 (96

S. E. 446) ; *Moore* v. *Prudential Insurance Co., 56 Ga. App.* 356 (192 S. E. 731), and *Columbian Mutual Insurance Co.* v. *Carter, 58 Ga. App.* 150 (197 S. E. 925). As was said in *Moore* v. *Prudential Co.,* supra, "In each case involving a suit for wrongful cancellation of an insurance contract that our research has discovered, the insurer by affirmative action canceled the contract when it was under a duty to keep it in force according to its terms. For instance, in *Alabama Gold Life Ins. Co.* v. *Garmany* [74 Ga. 51], the insurer refused to accept premiums tendered in time, under a life policy which it had no authority to terminate. In *Glover* v. *Banker's Health & Life Ins. Co.* [supra], according to the allegations of the petition which was before the court on demurrer, the insurer refused to accept premiums on an insurance contract which it had no right to terminate. In this class falls also *Prudential Ins. Co.* v. *Ferguson* [supra]. . . 'While, as a general rule, where the action of the insurance company does not amount to a repudiation of the contract of insurance, but amounts merely to a refusal to pay, as required by the policy, sick benefits accruing under its terms, the right of action of the insured is governed by the policy itself, and he is entitled only to sue for and recover the amount of the benefits thus accruing (29 C. J. 279), still if the action of the insurance company amounts to a repudiation of the contract itself, and is accompanied by a declaration to the effect that no future premiums will be received, the insured may treat the contract as breached, and sue for the premiums paid with interest thereon.' *Industrial Life & Health Insurance Co.* v. *Thomas* [supra]. In the present case there was no wrongful refusal to keep in force a valid and subsisting contract of insurance belonging to the insured, which he was entitled to have remain in force, but there was merely a refusal to pay benefits accruing under the terms of the contract."

The petition, when stripped of conclusions, shows a refusal by the insurer to pay claimed disability benefits because of a lapse of the policy for non-payment of premiums, instead of a breach ᵒr repudiation of the insurance contract by the defendant. In such a case the remedy would be an action on the contract to enforce payment of the claim for disability benefits, instead of a suit for damages on account of a breach of the contract. I think the court did not err in sustaining the general demurrer to the petition.