28682.   UNITY LIFE INSURANCE COMPANY *v.* BEASLEY.

DECIDED JANUARY 20, 1941.

*Hirsch, Smith & Kilpatrick, E. D. Smith Jr.,* for plaintiff in error.

FELTON, J. ▆ The court did not err in overruling the demurrers to the petition.

▆ The certificate provided on its face: "Unity Life Insurance Company . . will pay to Dr. Benjamin Taylor Beasley, the insured, one thousand dollars upon the maturity of this certificate as a contingent endowment as defined under 'Contingent Endowment' on the second page hereof and subject to the provisions therein set forth, *or* to the insured's wife . . , the beneficiary, one thousand dollars upon receipt of due proof of death of the insured before the maturity of a contingent endowment hereunder. This contract

is made in consideration of . . the payment in advance of the sum of $7.71 . . and . . .of the payment of a like sum . . on or before the first day of each month and . . until this certificate shall mature as a contingent endowment or until the prior death of the insured." (Italics ours.) This contract was an entire contract, written and continued in consideration of the payment of a *single* premium. Upon its face the endowment feature is the primary feature, but whether it is primary or equally as important and vital as the life-insurance feature, it is a vital part of the contract. The right of an insured to have the opportunity, for which he has paid, of receiving $1000 during his lifetime is quite as valuable, if not more so, as to have that amount paid to a beneficiary at his death. The repudiation of one of two vital obligations in an entire contract is a repudiation of all of it. Code, § 20-112. The insured in this case elected to rescind, accepting the company's anticipatory breach, which he had a right to do. *Royal Arcanum* v. *Lester,* 56 *Ga. App.* 527 (193 S. E. 259) ; *Bankers Health & Life Insurance Co.* v. *James,* 177 *Ga.* 520 (170 S. E. 357). The by-laws or resolutions by the company increasing the death benefit to $2000 and taking away the endowment privilege, or right, materially altered the contract without the insured's consent and were not binding on him. *Eminent Household of Columbian Woodmen* v. *Bryant,* 59 *Ga. App.* 283 (200 S. E. 321) ; *Willis* v. *Sovereign Camp W. O. W.,* 29 *Ga. App.* 470 (116 S. E. 52). Code, § 56-1610, does not contemplate such a material alteration of the contract as appears in this case. The contract in this case is not primarily a life insurance contract and the cases cited by the plaintiff in error are not applicable to the facts here, the cases being those of *Farrow* v. *State Mutual Life Insurance Co.,* 22 *Ga. App.* 540 (96 S. E. 446) ; *Columbian Mutual Life Insurance Co.* v. *Carter,* 58 *Ga. App.* 150 (197 S. E. 925) ; *Moore* v. *Prudential Insurance Co.,* 56 *Ga. App.* 356 (192 S. E. 731). The court did not err in denying a new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*