1. Where a fraternal benefit association, for a single premium, issues a certificate to an insured providing for the payment of an endowment in cash to the insured upon certain contingencies, or for the payment of such sum to the insured's beneficiary upon his death, the contract is an entire one, and where the association breaches the contract with reference to the endowment provision of the certificate, the insured may accept the breach and recover the premiums paid, with interest.
2. The fact that the breach of the contract was authorized by a subsequently enacted by-law, by which the insured agreed to be bound at the time of the original contract, would be immaterial, as the violation of substantial rights of members of such associations is not authorized under the Code, § 56-1610.
 DECIDED JANUARY 20, 1941.
Dr. B. T. Beasley sued the Unity Life Insurance Company for $335.94, premiums which he sought to recover by reason of an alleged breach by the company of a contingent endowment contract. He alleged that on February 12, 1936, he purchased from the company such a certificate in the amount of $1000 on which the monthly premium was $7.71; that it was represented to petitioner by the agent of the defendant that petitioner would be placed in position number 1 of a division of 25 persons of the same age as petitioner who later purchased a similar type of policy, and that upon the death of any one of the other persons in said division petitioner would be paid the sum of $1000, the face value of the certificate; that the policy was issued designating petitioner as number 1, division N, class 52; that the certificate provided: "Upon the maturity of this certificate as a contingent endowment, which shall occur when this certificate becomes the oldest certificate in force in the class and division of members of corresponding entry age grouped with the insured at the time of becoming members and the company experiences a mortality loss among its other members under a certificate in force in the same class and division as this certificate. For the purpose of contingent endowment fund *Page 278 
all certificates which participate therein are grouped in divisions of 25 according to the age of the insured at which the certificate is issued. The certificate holders of each division are numbered from 1 to 25, inclusive. Number 1 shall be the certificate holder who has been in his division the longest period of time. Number 2 shall be the next oldest in seniority, and so on. Any certificate holder shall cease to be a member upon nonpayment of dues, or if his certificate should otherwise terminate according to its terms. This certificate shall participate in the contingent endowment fund distribution when and only if it shall be the oldest living member in said division, as herein provided; and provided further that this certificate is in full force and effect by the payment of dues as therein provided at the time of such death. This certificate will automatically advance in said division on the maturity of any certificate by death or the payment of a mortuary endowment, or any lapsation of any older certificate in said division. New members will be added continually by divisions as deaths and lapses occur, said new members being placed on the upper end of the division," that defendant has breached and violated the terms of the certificate in that the defendant has failed to complete the division into which petitioner was placed, and petitioner charges on information and belief that the defendant has failed to put any other person in said division; that the defendant has further breached and violated the agreement contained in the certificate by discontinuing entirely the writing, issuance, or sale of insurance with the contingent endowment feature, as contained in the certificate purchased by petitioner, thereby making it impossible for the defendant to comply with the agreement as to this feature of the contract.
The defendant filed a demurrer, the grounds of which were that the petition set forth no cause of action and that it did not set forth the proper measure of damages. These grounds were overruled and exceptions pendente lite were filed. The answer denied the material allegations of the petition and by amendment alleged that the policy issued to the plaintiff contained the following provision: "The contract: This certificate is issued to and accepted by the insured subject to the constitution and laws of this company now in force and effect or which hereafter may be enacted, adopted or promulgated, and it is understood and agreed that the constitution and laws of this company, the application for membership, the *Page 279 
medical examination and all amendments to each thereof, which are hereby referred to, are all made a part of this certificate the same as though set out in full;" that the defendant company is a fraternal benefit society organized and existing under the laws of South Carolina, duly qualified to do business in Georgia, subject to the limitations and conditions and with the rights and privileges provided by Code, § 56-1601 et seq., to which Code section reference is specifically made; that after its discontinuance of this type of policy the defendant offered to the policyholders owning contingent endowment policies the right and option to exchange their policies for other forms of policy regularly issued; that this offer and change were effected by a regularly adopted amendment to the constitution and laws of the company, and said amendment is on file with the Insurance Commissioner of Georgia; that the plaintiff did not avail himself of this privilege; that another amendment was regularly adopted which provided that after a certain date upon the death of any owner of a contingent endowment certificate where such owner was the only member of the division in which his policy had been placed, his beneficiary would be paid twice the face amount of the policy; that this amendment is on file with the Insurance Commissioner of Georgia.
The case was tried by a judge of the civil court of Fulton County, without the intervention of a jury, who rendered judgment against the company for $335.94 principal and $45 interest. The exceptions are to the overruling of the demurrers and to the overruling of the motion for new trial.
1. The court did not err in overruling the demurrers to the petition.
2. The certificate provided on its face: "Unity Life Insurance Company . . will pay to Dr. Benjamin Taylor Beasley, the insured, one thousand dollars upon the maturity of this certificate as a contingent endowment as defined under `Contingent Endowment' on the second page hereof and subject to the provisions therein set forth, or to the insured's wife . . , the beneficiary, one thousand dollars upon receipt of due proof of death of the insured before the maturity of a contingent endowment hereunder. This contract *Page 280 
is made in consideration of . . the payment in advance of the sum of $7.71 . . and . . of the payment of a like sum . . on or before the first day of each month and . . until this certificate shall mature as a contingent endowment or until the prior death of the insured." (Italics ours.) This contract was an entire contract, written and continued in consideration of the payment of a single premium. Upon its face the endowment feature is the primary feature, but whether it is primary or equally as important and vital as the life-insurance feature, it is a vital part of the contract. The right of an insured to have the opportunity, for which he has paid, of receiving $1000 during his lifetime is quite as valuable, if not more so, as to have that amount paid to a beneficiary at his death. The repudiation of one of two vital obligations in an entire contract is a repudiation of all of it. Code, § 20-112. The insured in this case elected to rescind, accepting the company's anticipatory breach, which he had a right to do. Royal Arcanum v. Lester, 56 Ga. App. 527 (193 S.E. 259); Bankers Health Life Insurance Co. v. James, 177 Ga. 520
(170 S.E. 357). The by-laws or resolutions by the company increasing the death benefit to $2000 and taking away the endowment privilege, or right, materially altered the contract without the insured's consent and were not binding on him. Eminent Household of Columbian Woodmen v.Bryant, 59 Ga. App. 283 (200 S.E. 321); Willis v. Sovereign Camp W. O.W., 29 Ga. App. 470 (116 S.E. 52). Code, § 56-1610, does not contemplate such a material alteration of the contract as appears in this case. The contract in this case is not primarily a life insurance contract and the cases cited by the plaintiff in error are not applicable to the facts here, the cases being those of Farrow v. State Mutual LifeInsurance Co., 22 Ga. App. 540 (96 S.E. 446); Columbian Mutual LifeInsurance Co. v. Carter, 58 Ga. App. 150 (197 S.E. 925); Moore v.Prudential Insurance Co., 56 Ga. App. 356 (192 S.E. 731). The court did not err in denying a new trial.
Judgment affirmed. Stephens, P. J., and Sutton, J., concur. *Page 281